[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14063
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cr-14020-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAWAYNE OWENS,
a.k.a. Tawane Owens,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2012)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Owens appeals her total 30-month sentence after pleading guilty to 12

counts of making false, fictitious or fraudulent claims to the government in

violation of 18 U.S.C. § 287. Owens contends that her sentence is procedurally unreasonable because the court did not state any fact-specific reason why it sentenced her at the top of the guideline range in violation of § 3553(c)(2). Additionally, she contends that no evidence suggests that the district court considered the nature and circumstances of the offense or whether the sentence is sufficient but not greater than necessary to comply with the § 3553(a)(2) factors.

Owens also argues that her 30-month sentence was substantively unreasonable because the court placed undue emphasis on her dishonesty to the court about her education and medical condition. Placing an unreasonable weight on a single factor made the court neglect the nature and circumstances of her offense, leading to a sentence that was greater than necessary to achieve the §3553(a)(2) factors. Also, she accepted responsibility, apologized for her wrongdoing, and her crimes were not egregious.

We review the procedural and substantive reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S.Ct. 674 (2010).

2

In reviewing the procedural reasonableness of a sentence, we ensure the district court has taken steps such as considering the § 3553(a) factors and adequately explaining the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Furthermore, 18 U.S.C. § 3553(c) requires, "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." By so doing, the district court helps us to assess (along with other considerations) whether the district court has imposed a reasonable sentence. *Rita v. United States*, 551 U.S. 338, 356-58, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203, 217-18 (2007). The appropriateness of the brevity or length of a district court's reasons for accepting or rejecting an argument depends upon the circumstances, leaving much to the court's judgment. *Id.*, 551 U.S. at 356, 127 S.Ct. at 2468. Where the context and the record make clear that the sentencing judge listened to each argument and found the circumstances to warrant a sentence in the guideline range, lengthy explanation is not necessarily required. *Id.*, 551 U.S. at 356-57, 127 S.Ct. at 2468.

Concerning substantive reasonableness, we have "repeatedly held that the weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors." *United States v. Irey*, 612 F.3d 1160, 1161 (11th Cir. 2010) (*en banc*), *cert.*

*denied*, 131 S.Ct. 1813 (2011). The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Notwithstanding, a district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *Irey*, 612 F.3d at 1192-93.

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

Upon review of the record and consideration of the parties' briefs, we affirm. Owens has failed to show that the district court committed procedural

error.  To understand the fact-specific reasons why the court sentenced at the top of the guideline range, one can review the record as a whole.  The court considered the nature and circumstances of her offense when it emphasized that she was stealing from the government and that the taxpayers were hurt as a result.

Owens has not met her burden to prove that the district court abused its discretion by imposing a substantively unreasonable sentence of imprisonment. Since Owens continued to lie to the court, the district court could have reasonably concluded that a sentence at the top of the guideline range was sufficient to deter Owens from her commitment to crimes of fraud.  The 30-month sentences of imprisonment are only half of the statutory maximum allowed for each count of Owens's crime, making the sentences plausibly reasonable.

**AFFIRMED.**